IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENNIE P. ROMERO,

    Plaintiff,

v.                                                        Civ. No. 21-1109 RB/GBW

BCSO, *et al.*,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte.* Plaintiff Bennie P. Romero is an incarcerated prisoner. He filed a Prisoner's Civil Rights Complaint on November 17, 2021. *Doc. 1*. At the time he filed his Complaint, Plaintiff did not pay the filing fee. Instead, he submitted an Application to Proceed *In Forma Pauperis. Doc. 2*. However, the Application did not include his 6-month inmate account statement as required by 28 U.S.C. § 1915(b). The Application Form submitted by Plaintiff specifically states: "I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name." *Id.* at 1. The Application filed by Plaintiff, however, did not include the certified 6-month inmate account statement.

The Court issued an Order to Cure Deficiency on November 19, 2021, ordering Plaintiff to cure the deficiency in his filing within 30 days of entry of the Order. *Doc. 3*.

The Order to Cure advised Plaintiff that his Application must include "the required certified copy of Plaintiff's inmate account statement for the 6-month period immediately preceding this filing." *Id.* at 1 (emphasis omitted). The Order to Cure also notified Plaintiff that if he did not submit the required inmate account statement, his case could be dismissed without further notice. *Id.* at 2. Plaintiff did not submit the requisite 6-month inmate account statement within 30 days as ordered by the Court and has not responded to the Order to Cure or otherwise communicated with the Court.

> Section 1915(b) provides:
>
> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), ***shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint*** or notice of appeal….

28 U.S.C. § 1915(a)(2) (emphasis added). Despite being given notice of the need to include the 6-month inmate account statement both in the Court's Order to Cure and the Application Form, Plaintiff did not include the 6-month statement with his Application. The Court may dismiss an action under Fed. R. Civ. P. 41(b) *sua sponte* for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). The Court will require Plaintiff to show cause, within 30 days of entry of this Order, why this action should not be dismissed for non-compliance with the Court's Order to Cure (*doc. 3*).

Failure to show cause or otherwise respond to this Order may result in dismissal of this case without further notice.

**IT IS ORDERED** that Plaintiff shall show cause, **within 30 days of entry of this Order**, why this case should not be dismissed for his failure to comply with the Court's Order to Cure (*doc. 3*).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE